IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Christopher H. McCoy,                    )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )   Case No. 14-1379-NJR
                                         )
                                         )   CIVIL COMPLAINT
Counselor Eric T. Edmeister,             )
Case Manager Renee Strauss,              )
Unit Manager Robin V. Bryson,            )
Warden Jeffrey S. Walton,                )
                                         )
individually and in their                )
official capacities.                     )

FILED

DEC 1 5 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## CIVIL COMPLAINT

Christopher H. McCoy, Plaintiff, pro se, respectfully files
this civil complaint and states the following in support:

### I.  JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action under
28 U.S.C. § 1331, et seq.  The matters in contraversy arise
under 42 U.S.C. § 1985 and 5 U.S.C. § 706 and 28 U.S.C. § 1331.

2.  Venue properly lies in this District pursuant to 28
U.S.C. Section 1391(b)(2), because the events given rise to this
cause of action occurred at U.S. Penitentiary, Marion ("USP
Marion"), Illinois, located in the Southern District of Illinois.

### II.  PARTIES

3.  Plaintiff Christopher McCoy is and was, at all times
relevant hereto, a prisoner in the custody of the Federal Bureau

- 1 -

Prisons ("BOP"). At the time of the events relevant hereto, McCoy was incarcerated at USP Marion. McCoy is currently incarcerated at USP Marion.

4. Defendant Eric Edmeister is a correctional counselor, who at all times relevant hereto was assigned to USP Marion.

5. Defendant Renee Strauss is a case manager, who at all times relevant hereto was assigned to USP Marion.

6. Defendant Robin Bryson is a unit manager, who at all times relevant hereto was assigned to USP Marion.

7. Defendant Jeffrey Walton was, at all times relevant hereto, warden of USP Marion. As warden of the prison, Defendant manages its day-to-day aperations and executes its policies.

### III. PREVIOUS LAWSUITS BY PLAINTIFF

8. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action.

9. Plaintiff currently has a pending lawsuit unrelated to this action in the Central District of Illinois, case no. 1:14-CV-01374-MMM-JEH. This action is related to his imprisonment.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has exhausted his administrative remedies through the BOP Administrative remedy process. See attached.

### V. STATEMENT OF CLAIM

11. At all relevant times herein, Defendants were "persons" for the purpose of 28 U.S.C. § 1331, 42 U.S.C. § 1985, and 5

U.S.C. § 706, and acted under the color of law and conspired to deprive Plaintiff of his Constitutional rights and acted in an arbitrary and capricious manner by violating BOP policy, as set forth more fully below.

## VI.   STATEMENT OF FACTS

12.   On or about October 24, 2013, Defendant Edmeister came to see Plaintiff in his cell at USP Marion to give him some legal mail sent to Plaintiff from his former criminal defense counsel, Mr. Todd Schultz.  This Attorney-Client legal mail was properly labeled per BOP policy and Defendant Edmeister had Plaintiff sign the legal mail roster to indicate that Plaintiff was being given his legal mail.

13.   In compliance with BOP legal mail policy, Defendant Edmeister opened the legal mail to check for physical contraband in front of Plaintiff.  Defendant Edmeister observed that the legal mail in question was several court documents related to Plaintiff's criminal case, specifically sentencing transcripts.

14.   Defendant Edmeister then proceeded to read portions of the transcripts and other documents within the file.  After reading several documents, Defendant Edmeister stated, "you are not allowed to have this.  I have to give this to your case manager to review."  Defendant Edmeister placed the documents back inside the envelope and started to walk away.

15.   Plaintiff immediately protested, explaining that Defendant Edmeister was not allowed to read his Attorney-Client legal mail, nor wsa he allowed to possess it.  Additionally, he explained

- 3 -

that he could not be prevented from possessing the court documents from his criminal case and that it was a violation of his rights for Defendant Edmeister to read and then take and retain his Attorney-Client priviledged mail.

16. Defendant Edmeister simply ignored Plaintiff's protestations and told him he would have to discuss the matter with his case manager.

17. At the time of this cause of action and continuing to the present day, Plaintiff has a now pending appeal in the Seventh Circuit Court of Appeals concerning his criminal case. Plaintiff never has been given the legal mail in question and continues to be harmed by Defendants actions.

18. Based on Plaintiff's belief that Defendant Edmeister's actions violated BOP legal mail policy and also Plaintiff's Constitutional rights, he immediately filed a "BP-8" seeking informal resolution of this issue through the BOP Administrative Remedy process. This "BP-8" simply sought to have Plaintiff's legal mail be given to him and that staff be trained to comply with BOP legal mail policy.

19. This "BP-8" was denied claiming that due to safety and security concerns, Plaintiff would not be allowed to retain his sentencing transcripts. See Exhibit "A".

20. Based on the erroneous denial of the "BP-8", Plaintiff timely filed a "BP-9" to the warden, Defendant Walton, again seeking that he be given his Attorney-Client legal mail and that the BOP staff be trained in the proper handling of inmate legal mail. See Exhibit "B".

- 4 -

21. This "BP-9" was denied as well, claiming that, "the information would pose a significant threat to your safety if released to general population." Defendant Walton chose to ignore BOP policy and violate Plaintiff's Constitutional rights by his actions.

22. Plaintiff then filed a timely Regional Administrative Remedy Appeal "BP-10" further seeking relief from the violations of BOP policy and his rights to non-interferance with Attorney-Client priviledged mail. This "BP-10" was denied as well, claiming, "staff has allowed you access to these documents in a secured area and will continue to work to provide you access to these documents." Also, "you have supplied no evidence to support your accusation of your mail being improperly processed." See Exhibit "C".

23. Plaintiff provided more than ample evidence of BOP staff failing to comply with BOP policy concerning inmate legal mail. The documents in question did not contain either a PSR or SOR which are specifically prohibited for inmate retention. But Plaintiff's retention of the documents was not the issue complained of. It was Defendant Edmeister reading and then retention of Plaintiff's Attorney-Client priviledged mail.

24. The BOP Regional Director misapprehended the law, BOP policy in relation to the facts and violated Plaintiff's Constitutioal rights.

25. On April 1, 2014, Plaintiff filed a Central Office Administrative Remedy Appeal "BP-11" advancing the same claims addressed in previous filings. As of the date of the filing

- 5 -

of this instant petition, there has been no response to the
"BP-11". Therefore, Plaintiff has fully exhausted his administrative
remedy requirements.

## VII. PRAYER FOR RELIEF

26. Plaintiff requests an orderfrom this Honorable Court
declaring that the Defendants acted in violation and conspired
to act in violation of the United States Constitution.

27. Plaintiff requests an injunction compelling Defendants
to immediately surrender the legal mail taken by Defendant Edmeister
and now in the possession of Plaintiff's current case manager.

28. Plaintiff requests an injuction preventing Defendants
from retaliating in any way for the filing of this complaint
to include placement in the SHU, transfer, or any other retaliatory
treatment.

29. Plaintiff requests $1000.00 per:day per defendant as
compensatory damages for conspiring to deprive Plaintiff of
his Attorney-Client priviledge mail and for obstruction of justice.

30. Plaintiff requests $25,000.00 for punitive damages
against Defendant Edmeister for his specific disregard for Plaintiff's
civil rights and for violating BOP policy.

31. Plaintiff requests $1,000.00 from Defednat's Strauss,
Bryson, and Walton for punitive damages for conspiring to violate
Plaintff's civil rights and BOP policy.

32. Any other relief this Court may deem just and proper.

Signed this __10__ day of __December__ , 2014.

Christopher H. McCoy, pro se
Reg. No. 09150-025
U.S. Penitentiary
P.O. Box 1000
Marion, Illionis  62959


## VERIFICATION

I, Christopher H. McCoy, hereby declares under the penalty
of perjury that the foregoing is true and correct to the best
of my knowledge and belief.

Executed on: __12-10-14__

Christopher H. McCoy

- 7 -

# EXHIBIT

# A



Attachment A

## Administrative Remedy - Informal Resolution
### Marion, Illinois

Inmate's Name: _Christopher McCoy_   Reg. No. _09150-025_   Unit: _X_   Date: _11-15-2013_

NOTICE:   You are advised that prior to filing a Request for Administrative Remedy [BP-9], you **MUST** attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1.   State your specific complaint: _Please see The Attached BP-8 That has_
_Already been submitted. Apparently this original BP-8 was_
_was "lost" somehow and cannot be located by mr. Pitts._

_This BP-8 is a re-submission of The Attached BP-8._

2.   State what efforts you have made to informally resolve your complaint: _Please see Attached_

3.   State what resolution you request: _Please see Attached_

Inmate's Signature: _Christopher McCoy_   Date: _11-16-13_

4.   Correctional Counselor's Comments (Steps to Resolve): _____

Counselor's Signature: _____   Date: _____

Unit Manager's Review: _____   Date: _____

| 4-4-13 mrl | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | | | | |
| Time | | | | |
| Counselor | | | | |

CC: D/C1.



COPY

Administrative Remedy - Informal Resolution
Marion, Illinois.

Inmate's Name: _McCoy, Christopher_ Reg. No. _09150-025_ Unit: _X_ Date: _10/30/2013_

NOTICE: You are advised that prior to filing a Request for Administrative Remedy [BP-9], you MUST attempt to informally resolve your complaint through your counselor. ·Please follow the three (3) steps listed below.

1. State your specific complaint: I am being denied fundamentally fair due process and equal protection as well as meaningful access to the courts by the denial of Mr. Edmeister and Mr. Pitt to provide me with my constitutionally protected attorney-client priviledged mail which is confidential and beyond their right to read or review.
   On or about October 24, 2013 while the unit was "locked down", Mr. Edmeister brought me some legal mail clearly marked "Attorney-Client priviledged mail -- Open only in the presence of the inmate". I signed the mail log and then Mr.
   (see other side)

2. State what efforts you have made to informally resolve your complaint: On Wednesday, October 29, 2013, I spoke with counselor Pitts who had been given my legal mail from Mr. Edmeister. Mr. Pitts would not give me my legal mail and stated that I could only review it in his presence when he is available to let me review it. This legal mail does NOT contain my PSI/PSR which would be prohibited for me to possess.

3. State what resolution you request: I request that my legal mail be given to me to keep as it is attorney/client priviledged mail that BOP personnel are not allowed to read or possess. Mr. Edmeister and Mr. Pitts are violating BOP policy and my constitutionally protected rights.

Inmate's Signature: _Christopher McCoy_ Date: _10/30/2013_

4. Correctional Counselor's Comments (Steps to Resolve): all mail, including special mail will be inspected for contraband or any materials that are not allowed to possess. Your mail was deemed not appropriate for you to maintain possession, however you were afforded ample opportunity to review the material by your Counselor.

Counselor's Signature: _____ Date: _12-5-13_

Unit Manager's Review: _____ Date: _12/10/13_

| | Received by Counselor from inmate. | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | | | | 12-19-13 |
| Time | | | | 10:4pm |
| Counselor | | | | AB |

CC: D/File



1. (cont).

Edmeister proceeded to open and then read my confidential legal mail. He then stated, "You are not allowed to have this. I have to give this to your case manager to go through." Mr. Edmeister violated my rights by his actions.

CC: p/file

# EXHIBIT

# B



U.S. DEPARTMENT OF JUSTICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | McCoy, Christopher | 09150-025 | X | USP MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

While it is undisputed that all mail including "Special Mail" is to be inspected for contraband, that does not mean that staff is allowed to read attorney-Client priviledged mail, thus making a determination of what is and what is not allowed for inmate retention of legal materials. This is in opposition to the program statement and negates the whole purpose for attorney-client priviledged mail. It is also a violation of my rights and the law. The BOP Program statement is clear concerning inmate legal mail and the retention of such. Only PSI's and SOR's are specifically prohibited for inmate retention. (See Program Statement OPI:OGC No. 1315.07

The material in question here clearly was not a PSI or SOR and was legal documents filed with the District Court in my criminal case.

The issue here is not access, but rather the reading and keeping of my attorney-client priviledged legal mail. I request that in the future, I be given my attorney-client legal mail and that staff does not read it.

| 12-17-13 | CC : P/Rile | Christopher M S |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

---

DATE

**WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL



U.S. Department of Justice
Federal Bureau of Prisons

**Administrative Remedy**
**Part B - Response**

**Admin Remedy Number**: 762012-F1

This is in response to your Request for Administrative Remedy wherein you express concern that staff are reading and keeping your attorney-client privileged mail.

Program Statement 5800.16, <u>Mail Management Manual</u>, states "Staff will open incoming inmate special mail in the inmate's presence. Staff are to check for contraband and funds at this time. Funds enclosed in the inmate correspondence are to be rejected. Additionally, inmates are not permitted to receive or maintain in their property Pre-Sentence Investigation Reports or Statement of Reasons." Both Pre-Sentence Investigation Reports and Statement of Reasons contain information that if released, could pose a significant threat to both the incarcerated individual and the overall security of a facility. The materials contained in your mail, clearly was information that would pose a significant threat to your safety if released to general population, just as your PSR and Statement of Reasons. If you do not wish this information to be held in an area accessible to staff, you may make arrangements with your unit team to mail the materials out.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

2-11-14
_____
Date

_____
J. S. Walton, Warden

# EXHIBIT

# C

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 27, 2014

*Xor SLE*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : CHRISTOPHER H MCCOY, 09150-025
      MARION USP    UNT: UM NORTH    QTR: X02-202L
      P.O. BOX 2000
      MARION, IL 62959



FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 762012-R1     REGIONAL APPEAL
DATE RECEIVED  : FEBRUARY 27, 2014
SUBJECT 1      : SPECIAL/LEGAL MAIL
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR    INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS          : PLEASE PROVIDE THE BP-P THAT THE WARDEN'S RESPONSE
                   IS ADDRESSING.

USP MARION
RECEIVED BY ADMIN
REMEDY CLERK
2014 MAR -7  PM 2:48

Here is the BP-9 that the response is
Addressing. I received this notice At 3:20 PM
March the 10th I should have received this At mail call
On the 7th According to the time stamp And also
According to policy. This is A time sensitive document I
could have have this in the mail on the 9th At legal mail call At
6:30 AM. The BP-9 is paper cliped to this Notice packet

U.S. Department of Justice ·

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | McCoy, Christopher H. | 09150-025 | X | USP Marion |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   I restate everything presented on the BP-9 and add the following:

The warden's adverse decision cncerning the attached bP-9 response that the attorney-client priviledged mail in question contained either my pre-sentence investigation report (PSR) or the statement of reasons (SOR). This was not the case. According to policy, staff delivering legal mail or "special mail" are only to "open in the presence of the inmate for inspection for physical contraband and the qualificatoin of any enclosures as special mail." (See attached)  It further states: "The correspondence **may not be read** or copied if the sender is adequately identified  on the envelope, and the front of the envelope is marked "Special Mail Open only in the presence of the inmate."

I am not on any type of restricted special mail status, and if I am, I was not notified in writing for the reason for placement on restricted special mail status as required by policy.

In the attached response, the warden acknowledges correctly that PSRs and SORs are prohibited for inmate possession, however he further states, "The materials contained in your mail, clearly was information that would pose a significant threat to your safety if released to general population."  The issue here is that staff proceeded to read my "special mail" from

(continued on page 2)

| 2-25-14 | Christopher McCoy |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED

FEB 27 2014
R1

REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

RECEIVED

MAR 14 2014
R2

REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

COPY

| | R2 |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE  cc/p-file          CASE NUMBER: 762012-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

Regional Administrative Remedy Appeal         Christopher H. McCoy
page 2                                                              # 09150-025

my attorney, which is specifically prohibited by policy.   The
"special mail" in question did not contain a PSR or SOR.

What is the point of a "special mail" policy if staff and the warden
can arbitrarily ignore it?   That is precisely what has happened
here.   It is pointless to have the right to communicate with my
attorney on a priviledged basis if staff here at USP Marion can
simply ignore that right.   It negates the whole purpose of consti-
tutionally protected attorney-client communications.



U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Administrative Remedy Number:** 762012-R2

This is in response to your Regional Administrative Remedy Appeal received in this office on March 14, 2014, in which you allege your incoming legal mail was not properly processed. You allege staff confiscated legal material arriving in your incoming legal mail. You request no specific relief.

We have reviewed your appeal and the Warden's response dated February 11, 2014. Your incoming and outgoing general and legal correspondence is properly processed in accordance with Program Statement 5800.16, Mail Management Manual, and Program Statement 5265.14, Correspondence, which states, "Special Mail may be opened only in your presence to be checked for contraband." Pursuant to Program Statement 1351.05, Release of Information, an inmate may not possess "Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.)." The Bureau of Prisons has determined an inmate's possession of these or similar materials pose a threat to the safety and security of the institution. We find staff, through observation during the delivery process in your presence, opened a piece of special mail containing what appeared to be court transcripts. A closer review reviled these documents contained information which could pose a significant threat to yourself and security of the institution. Staff has allowed you to access these documents in a secure area and will continue to work with you to provide access to these documents. You have supplied no evidence to support your accusations of your mail being improperly processed. We find no evidence of staff malfeasance.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

3- 16-14
_____
Date

_____
Paul M. Laird, Regional Director

COPY

# EXHIBIT

# D

_____

```
          EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JUNE 19, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : CHRISTOPHER H MCCOY, 09150-025
      MARION USP    UNT: UM NORTH    QTR: N02-915U


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 762012-A1
DATE RECEIVED  : APRIL 7, 2014
RESPONSE DUE   : JUNE 6, 2014
SUBJECT 1      : SPECIAL/LEGAL MAIL
SUBJECT 2      :
```



RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 19, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : CHRISTOPHER H MCCOY, 09150-025
      MARION USP    UNT: UM NORTH    QTR: N02-915U


THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 762012-A1
DATE RECEIVED  : APRIL 7, 2014
RESPONSE DUE   : MAY 17, 2014
SUBJECT 1      : SPECIAL/LEGAL MAIL
SUBJECT 2      :



U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: McCoy, Christopher H.        09150-025        X        USP Marion
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A - REASON FOR APPEAL

The accached Part B - Response from the Regional director completely misses the mark regarding the assertions made on the attached BP-10. Specifically, the director correctly states policy concerning the handling of "Special Mail", but then clearly states that the mail in question was found to be **court transcripts** which would pose a significant threat to safety and security. So again, the questions is, HOW WOULD STAFF KNOW THAT THE "SPECIAL MAIL" IN QUESTION WAS COURT TRANSCRIPTS AND THAT MY RETENTIO OF SUCH WOULD POSE A THREAT TO MY SAFETY IF STAFF DID NOT **READ** MY ATTORNEY-CLIENT PRIVILEDGED "SPECIAL MAIL" TO ASCERTAIN WHAT WAS THE CONTENT BY READING IT IN OPPOSITION TO POSTED POLICY?

The Program Statement could not be more clear. Staff is not allowed to **READ** my attorney-client priviledged "Special Mail" for **ANY REASON.** They re only to check for physical contraband—PERIOD! Where is it enumerated in the Program Statement that staff can read my "Special Mail" and then deny to give my my court transcripts for retnetion? Per policy, I am only not allowed to possess my PSR or SOR, which was not included with my "Special Mail" from my attorney.

If the warden at this institution is going to allow violations of clearly established rules (continued on page 2)

4-1-14
DATE

_Christopher MS_
SIGNATURE OF REQUESTER

Part B - RESPONSE

COPY

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Central Office Administrative Remedy Appeal                    page 2
McCoy, Christopher H.  #09150-025


posted in the Program Statement concerning the handling of "Special
Maiol", then either the policy needs to be revised or this type
of blatant violatoins of policy must stop.

Attorney-Client priviledged mail is a Constitutional right that
cannot be arbitrarily overridden by the policies of the BOP.

1.  I request that the staff and administration here at USP
Marion be properly trained concerning the care and handling
of "Special Mail" that is protected by Attorney-Client priviledge.

2.  I request that I be given and allowed to retain the "Special
Mail" containing the court transcripts" in question.  Access
through my case manager is not sufficient.

3.  I ask that there be no staff retaliation for simply invoking
my Constitutional rights and requesting adhearence to established
BOP policy.

                              _Christopher MCS_
                              Christopher H. McCoy


COPY

# EXHIBIT

# E

### § 540.18 Special mail.

**(a)  The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail.  The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail — Open only in the presence of the inmate".**

Incoming mail meeting these requirements must be treated per this rule.  The Warden may, however, treat incoming mail that does not meet all requirements for special mail handling in the same fashion as special mail, including opening it in the inmate's presence and inspecting it only for contraband.  For example, mail from the chambers of a Federal judge or from a Member of Congress should be given special handling even if it does not have a special mail marking on the envelope.

Similarly, mail from an adequately identified sender that contains markings similar to the phrase "Special Mail — Open only in the presence of the inmate" may be given special handling.  Examples of similar markings include "Attorney-Client — Open only in the presence of the inmate" and "Legal Mail — Open only in the presence of the inmate."

**(b)  In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.**

**(c) ⌐(1) Except as provided for in paragraph (c)(2) of this section, outgoing special mail may be sealed by the inmate and is not subject to inspection.**

**(2)  Special mail shall be screened in accordance with the provisions of paragraph (c)(2)(iii) of this section when the special mail is being sent by an inmate who has been placed on restricted special mail status.**

**(i)  An inmate may be placed on restricted special mail status if the Warden, with the concurrence of the Regional Counsel, documents in writing that the special mail either has posed a threat or may pose a threat of physical harm to the recipient (e.g., the inmate has previously used special mail to threaten physical harm to a recipient).**

**(ii)  The Warden shall notify the inmate in writing of the reason the inmate is being placed on restricted special mail status.**

**(iii)  An inmate on restricted special mail status must present all materials and**

progstat                                                    1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

packaging intended to be sent as special mail to staff for inspection. Staff shall inspect the special mail material and packaging, in the presence of the inmate, for contraband. If the intended recipient of the special mail has so requested, staff may read the special mail for the purpose of verifying that the special mail does not contain a threat of physical harm. Upon completion of the inspection, staff shall return the special mail material to the inmate if the material does not contain contraband, or contain a threat of physical harm to the intended recipient. The inmate must then seal the special mail material in the presence of staff and immediately give the sealed special mail material to the observing staff for delivery. Special mail determined to pose a threat to the intended recipient shall be forwarded to the appropriate law enforcement entity. Staff shall send a copy of the material, minus the contraband, to the intended recipient along with notification that the original of the material was forwarded to the appropriate law enforcement entity.

(iv) The Warden shall review an inmate's restricted special mail status at least once every 180 days. The inmate is to be notified of the results of this review. An

inmate may be removed from restricted special mail status if the Warden determines, with the concurrence of the Regional Counsel, that the special mail does not threaten or pose a threat of physical harm to the intended recipient.

(v) An inmate on restricted mail status may seek review of the restriction through the Administrative Remedy Program.

(d) Except for special mail processed in accordance with paragraph (c)(2) of this section, staff shall stamp the following statement directly on the back side of the inmate's outgoing special mail:

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."

The stamp includes the above statement, the name and address of the institution and space for the date.

## 11. LEGAL CORRESPONDENCE

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20178076

**§ 540.19 Legal correspondence.**

**(a)  Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter.  The inmate may be asked to sign as receiving the incoming legal mail.  This paragraph applies only if the sender has marked the envelope as specified in § 540.18.**

28 CFR § 540.18 refers to Section 10 of this Program Statement.

Staff are expected to develop a master log containing the above information.  The inmate may be requested (but not required) to sign the log, indicating receipt of the legal mail.  If the inmate refuses, staff note this in the log.

**(b)  The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked "Special Mail — Open only in the presence of the inmate".**

**Legal mail shall be opened in accordance with special mail procedures (see § 540.18).**

28 CFR § 540.18 refers to Section 10 of this Program Statement.

**(c)  Grounds for the limitation or denial of an attorney's correspondence rights or privileges are stated in part 543, subpart B.  If such action is taken, the Warden shall give written notice to the attorney and the inmate affected.**

Part 543, subpart B, refers to the Program Statement **Inmate Legal Activities**.

Any violation of the attorney/client correspondence privilege is referred to Regional Counsel, who, in conjunction with the Office of General Counsel, may restrict the inmate or attorney from further correspondence privileges.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20178076

RECEIVED

DEC 1 5 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE