IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. McCOY, # 09150-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1379-NJR |
| | ) |
| ERIC T. EDMEISTER, | ) |
| RENEE STRAUSS, | ) |
| ROBIN V. BRYSON, | ) |
| and JEFFREY S. WALTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

In his complaint, Plaintiff asserts that his constitutional rights were violated when his privileged and confidential correspondence from his former defense attorney was read by prison officials and then confiscated. The violation was compounded when Defendants refused to return these documents to him. Plaintiff claims that his inability to have free access to this material has hindered him from prosecuting his pending criminal appeal.

On October 24, 2013, Defendant Edmeister brought Plaintiff an envelope received from attorney Todd Schultz (Doc. 1, p. 4). Defendant Edmeister opened the mail in Plaintiff's presence to check for contraband. He found that the mail contained several sentencing transcripts from Plaintiff's criminal case, and he proceeded to read these and other documents

sent by the attorney. Defendant Edmeister then told Plaintiff that he was "not allowed to have this," and he would give it to Plaintiff's case manager to review. Despite Plaintiff's protests that Defendant Edmeister was not allowed to read or possess this privileged legal mail, he confiscated the documents and took them away.

At the time of this incident, Plaintiff's criminal appeal was pending in the Seventh Circuit Court of Appeals; he claims that it remains pending as of the date this action was filed. Plaintiff asserts that the confiscated legal mail has never been returned to him, and he continues to be harmed by its retention.

Plaintiff immediately filed a grievance. It was denied, as were Plaintiff's subsequent appeals over this dispute. Defendant Warden Walton's response informed Plaintiff that he was not allowed to have the sentencing transcripts in his possession, because they contained information similar to what would be found in a pre-sentence investigation report ("PSI") or statement of reasons for the sentence ("SOR") (Doc. 1, p. 17). This information could pose a threat to his safety and security if other prisoners were to see the documents or learn of their contents (Doc. 1, pp. 6-7, 17, 22). Plaintiff notes that the denial of his BP-10 appeal stated that prison staff had allowed him to access the documents in a secured area, and such access would be provided in the future (Doc. 1, pp. 7, 22).

Plaintiff seeks an injunction to compel Defendants to immediately surrender the legal mail to him, as well as compensatory and punitive damages. He claims that Defendants Strauss (case manager), Bryson (unit manager), and Walton conspired to violate his civil rights as well as prison policy (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** First Amendment claim against Defendant Edmeister, for reading and then confiscating Plaintiff's privileged attorney-client correspondence and documents;
>
> **Count 2:** First Amendment claim against Defendant Walton, for refusing to return Plaintiff's privileged attorney-client correspondence and documents;
>
> **Count 3:** First Amendment claim against Defendants Edmeister and Walton for denying Plaintiff access to the courts, by limiting Plaintiff's access to his court transcripts and prohibiting him from keeping that material in his possession;
>
> **Count 4:** Claim against Defendants Strauss, Bryson, and Walton for conspiracy to violate Plaintiff's civil rights and Bureau of Prisons ("BOP") policy.

For the reasons discussed below, Counts 1 and 2 shall proceed for further review. Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Count 4 also shall be dismissed.

## Count 1 – Reading and Confiscating Attorney-Client Privileged Correspondence

As the Seventh Circuit has explained,

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782.

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005).

The Supreme Court in *Wolff* discussed the practice of opening incoming legal (attorney-client) mail in the presence of the inmate, as a way to ensure that the material could be inspected for contraband while at the same time maintaining the inmate's right to keep the communications confidential. Such a practice "could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail." *Wolff*, 418 U.S. at 577.

According to Plaintiff's complaint, however, his presence did not deter Defendant Edmeister from reading the documents mailed to him by the attorney. This conduct went beyond the mere inspection for contraband contemplated by *Wolff*, and it raises concern over the potential chilling effect on client-attorney communication referenced in that case. At this stage of the litigation, Plaintiff states a First Amendment claim that merits further consideration, not only for the reading of his privileged legal communication, but also for the "censorship" that occurred when Defendant Edmeister kept the material.

Although Plaintiff makes much of the allegation that Defendant Edmeister violated Bureau of Prisons ("BOP") policies when he confiscated the documents, such a violation, even if proven, does not rise to the level of a constitutional claim. *See White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution). Therefore, the issue of whether or not the confiscation of Plaintiff's documents ran afoul of BOP regulations shall not be considered further.

**Count 2 – Retention of Attorney-Client Privileged Correspondence**

Under the authority discussed above, Plaintiff also may proceed with his claim against Defendant Walton for interfering with Plaintiff's privileged attorney-client communication, for his retention and refusal to return Plaintiff's documents.

**Dismissal of Count 3 – Denial of Access to the Courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). An inmate has no constitutional claim, however, unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010) (harmless error analysis applies to an access to courts claim).

Here, Plaintiff claims that his right to unhindered access to the courts has been violated, because he has been given only limited access to the confiscated documents. This is not satisfactory to him, as he maintains he has the right to have the documents in his possession at all times, and he "continues to be harmed" by Defendants' actions (Doc. 1, p. 6). Aside from his general assertion of "harm," however, Plaintiff fails to articulate any way in which he was prejudiced in his ability to pursue a challenge to his conviction.

A review of this Court's records discloses that Plaintiff pleaded guilty in this district to five counts, including distribution, receipt, and possession of child pornography; enticement; and transmission of obscene material to a minor. *United States v. McCoy*, Case No. 11-cr-30076-DRH (S.D. Ill.). He was sentenced on January 27, 2012, to 327 months in prison on the enticement count, concurrent with several lesser terms. On August 15, 2012, the judgment and sentence were affirmed on direct appeal (Doc. 45 in criminal case).[1] The Supreme Court denied

---

[1] This unpublished decision contains an extensive discussion of the evidence brought forth at Plaintiff's sentencing hearing, which included his transmission of sexually explicit pictures and videos over the internet to an undercover officer; and his communication with minors over the internet describing his violent sexual fantasies involving children and encouraging them to engage in incest as he claimed to be

his petition for *certiorari* on January 22, 2013, ending his direct appeal. The mail confiscation did not occur until October 2013, thus that incident could not have had any effect on Plaintiff's ability to prosecute the direct appeal of his sentence.

Approximately three months after Defendant Edmeister confiscated the correspondence from attorney Schultz containing Plaintiff's sentencing transcripts, Plaintiff filed (on December 19, 2013) a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *McCoy v. United States*, Case No. 13-cv-1318-DRH. The Court appointed an attorney (not attorney Schultz) to represent Plaintiff. Following an evidentiary hearing, the motion was denied, and judgment was entered on July 31, 2014. Plaintiff appealed, and this appeal of the § 2255 proceeding is still pending at this time. *McCoy v. United States*, Appeal No. 14-2741 (7th Cir.). The appellate court also appointed counsel to represent Plaintiff in this pending appeal. Briefing has been ordered on the following issues: (1) Whether Plaintiff has defaulted any claim based on the acceptance of his guilty pleas by a United States Magistrate Judge, and (2) Whether Plaintiff is entitled to any relief if the claim is not defaulted, and if so, what is the appropriate remedy? (Doc. 10, Appeal No. 14-2741).

In light of the fact that Plaintiff succeeded in filing a timely collateral attack on his sentence, which had sufficient merit to warrant the appointment of counsel, the Court cannot discern that Plaintiff suffered any detriment from the Defendants' limitation on his access to the confiscated court transcripts. This is true both for Plaintiff's ability to file the original § 2255 motion and the currently pending appeal of the § 2255 matter. Plaintiff himself notes that he was not denied all access to this material; he was allowed to review it by making arrangements with a counselor. Therefore, Plaintiff's claim that he was denied access to the courts as a result of the

---

doing. The inclusion of Plaintiff's offense conduct in the confiscated sentencing transcripts indeed could implicate the security concerns reflected in Defendants' responses to Plaintiff's requests for administrative remedy.

confiscation and restricted access to his sentencing transcripts (**Count 3**) shall be dismissed at this time without prejudice.

### Dismissal of Count 4 – Conspiracy

Plaintiff seeks damages against Defendants Strauss, Bryson, and Walton alleging they conspired together to violate his civil rights and BOP policy. As noted above, a violation of BOP administrative rules or policies does not give rise to a constitutional claim. For this reason, the portion of Count 4 that is based on the violation of BOP policy shall be dismissed with prejudice.

Other than Plaintiff's bare assertion that Defendants Strauss, Bryson, and Walton conspired to violate his civil rights (Doc. 1, p. 8), Plaintiff never mentions Defendants Strauss or Bryson elsewhere in the complaint. He never describes what these individuals did that might have violated his rights, nor does he state how Defendant Walton furthered any conspiracy. Without any factual description, the Court cannot discern whether a conspiracy may have occurred. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's claim of conspiracy is just such a conclusory statement, unsupported with any factual allegations.

Conspiracy is not an independent basis of liability in a civil rights action brought pursuant to 28 U.S.C. §1983. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("There is no constitutional violation in conspiring to cover-up an action which does not

itself violate the Constitution"). The same is true for a *Bivens* action, which is the federal equivalent of a § 1983 civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases). Thus, if Plaintiff's claim is based on a theory that these Defendants conspired to obstruct his access to the courts, the claim must fail along with Count 3. At this time, the portion of **Count 4** that is based on an alleged conspiracy to violate civil rights shall be dismissed without prejudice. Because no claim has been stated against Defendants Strauss or Bryson, they shall be dismissed from the action without prejudice.

### Pending Motions

Plaintiff's motion for injunctive relief (Doc. 7) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

Because Plaintiff was not granted leave to proceed *in forma pauperis* in this action and has paid the filing fee, the Court will appoint the United States Marshal to effect service of process upon Defendants only when a proper motion is filed. Plaintiff has done so, by filing his motion for service of process at government expense (Doc. 9). This motion shall be **GRANTED in part and DENIED in part.** Service shall be ordered below on those Defendants who remain in the action. No service shall be ordered on the dismissed Defendants.

### Disposition

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 4** is also **DISMISSED** for failure to state a claim upon which relief may be granted; the portion claiming conspiracy to violate BOP policy is dismissed with prejudice, and the portion claiming conspiracy to violate civil rights is dismissed without prejudice. Defendants **STRAUSS** and **BRYSON** are **DISMISSED** from this action without

prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **EDMEISTER** and **WALTON**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants EDMEISTER and WALTON pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 3, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**