IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1379-NJR-DGW |
| | ) |
| ERIC T. EDMEISTER AND JEFFREY S. WALTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 20), which recommends that this Court find as moot Plaintiff's Motion for Preliminary Injunction (Doc. 7). The Report and Recommendation was entered on April 20, 2015. No objections have been filed.

Plaintiff Christopher H. McCoy filed this case on December 15, 2014. The following claims survived threshold review:

**Count 1**: First Amendment claim against Defendant Edmeister for reading and then confiscating Plaintiff's privileged attorney-client correspondence and documents;

**Count 2**: First Amendment claim against Defendant Walton for refusing to return Plaintiff's privileged attorney-client correspondence and documents.

On January 15, 2015, Plaintiff also filed a Motion for Injunction (Doc. 7), which Magistrate Judge Wilkerson has construed as a Motion for Preliminary Injunctive Relief. In the motion, Plaintiff avers that officials at USP Marion, "all the way down to the

defendant(s)," have taken retaliatory actions against him since he filed this suit (Doc. 7, p. 2). Specifically, Plaintiff claims that administrative officials, through actions of staff members or contracted third parties, placed a combination lock under Plaintiff's mattress on the afternoon of December 30, 2014, while he was out of his assigned cell, in order to place Plaintiff in solitary confinement with no access to his legal documents. Plaintiff claims that this action was taken to hinder his ability to litigate this case. Plaintiff requests that he be given ample access to his legal files and other legal materials and that his fabricated disciplinary ticket regarding the lock found in his property be adjudicated immediately and that he be removed from segregation.

In response, Defendants assert that Plaintiff's request for preliminary injunctive relief is moot, or in the alternative, Plaintiff has failed to meet his burden of proof to obtain a preliminary injunction. Defendants attach a declaration of William May, a counselor at USP Marion, stating that, when Plaintiff was released from segregation, forty-eight inches of legal material was returned to him, and there is no indication that any materials were missing from his legal documents (Doc. 19-1, p. 3). Defendants also attach a declaration of Melissa Bayless, a discipline hearing officer in the BOP's North Central Regional Officer, who states that Plaintiff's incident report was investigated and expunged on January 16, 2015, and he was promptly released from segregation on January 20, 2015 (Doc. 19-2, p. 3).

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see*

*also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992).  Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Instead, the Court should review the Report and Recommendation for clear error.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation.  Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to Plaintiff's Motion for Preliminary Injunction.  The evidence provided by Defendants demonstrates that Plaintiff has had his legal materials returned to him and he has been released from segregation, with the incident report expunged from his record.  Accordingly, the Court agrees with Magistrate Judge Wilkerson that the Motion for Preliminary Injunction is now moot.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 20) and finds Plaintiff's Motion for Preliminary Injunction (Doc. 7) **MOOT**.

**IT IS SO ORDERED.**

**DATED:   May 14, 2015**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
