IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC T. EDMEISTER and JEFFREY S. )<br>WALTON, )<br>)<br>Defendants. ) | Case No. 3:14-cv-1379-NJR-DGW |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nany J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Urgent Motion for Injunctive and Declaratory Relief (Doc. 31). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Christopher H. McCoy, an inmate in the custody of the United States Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). More specifically, Plaintiff asserts that his constitutional rights were violated when his privileged and confidential legal correspondence was read by prison officials and then confiscated.

Pursuant to 28 U.S.C. §1915A, the Court conducted a merit review of Plaintiff's complaint and determined that he may proceed in this action on the following counts:

Count One: First Amendment claim against Defendant Eric Edmister for reading and then confiscating Plaintiff's privileged attorney-client correspondence and documents; and

Count Two: First Amendment claim against Defendant Warden Jeffrey Walton for refusing to return Plaintiff's privileged attorney-client correspondence and documents.

On August 28, 2015, Plaintiff filed a Motion for Injunctive and Declaratory Relief that is now before the Court (Doc. 31). Plaintiff seeks relief in the form of a "cease (or reverse) of inmate transfer." More specifically, Plaintiff avers that in late July, 2015, Defendants filed paperwork seeking to transfer Plaintiff from USP Marion to a low security facility in retaliation for him engaging in a constitutionally protected right[1] and Plaintiff asks the Court to stay or halt any such transfer as it is intended to "schmutz" up his current legal action. Accordingly, the Court construes Plaintiff's Motion as a Motion for Preliminary Injunction.

Defendants responded to Plaintiff's motion explaining that Plaintiff became eligible to transfer to a low security facility in July, 2015 and, in accordance with prescribed BOP policy, such transfer has been requested. Defendants contend that there was no retaliatory motive behind Plaintiff's transfer request. Further, Defendants indicate that the requested transfer was reviewed and authorized by the Seventh Circuit in accordance with Federal Rule of Appellate Procedure 23(a), as Plaintiff currently has a pending habeas appeal. Accordingly, Defendants contend that the BOP has the authorization to transfer Plaintiff and the issue is now moot. Defendants also contend that a prisoner has no constitutional right to be housed in a particular facility and the BOP

---

[1] Although it is not entirely clear what constitutionally protected right Plaintiff alleges spurred Defendants to seek a transfer, the Court infers that it relates to the filing of this lawsuit.

has broad discretion in determining the placement of prisoners in its custody.

In his reply, which, the Court notes, is not particularly coherent, Plaintiff contends that he does not need to prove Defendants acted with deliberate indifference to obtain the relief he seeks and Plaintiff objects to Defendants' reliance on the Seventh Circuit's ruling as he contends it is completely irrelevant to the matter at hand.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id*. In addition, the Prison Litigation Reform Act provides a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm…," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. §

3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this instance, the Court's analysis of whether Plaintiff has met is threshold burden is abbreviated. The Seventh Circuit Court of Appeals has clearly issued a determination on this matter and has authorized Plaintiff's transfer (*see* Doc. 33-4). Importantly, the arguments set forth in his motion before this Court are substantially similar to arguments Plaintiff proffered to the Seventh Circuit (*see* Doc. 33-5). The Seventh Circuit, having considered Plaintiff's arguments to stay his transfer, denied his request (Doc. 33-6). Plaintiff is now, in effect, attempting to circumvent the authority of the Seventh Circuit by way of requesting an injunction in this Court. As the Seventh Circuit has already issued a ruling on the matter of Plaintiff's transfer, this Court does not have the authority to review such ruling.

Furthermore, the Court finds that Plaintiff's motion and the relief sought are not related to the claims pending in this lawsuit. More specifically, Plaintiff seeks a stay to prevent his transfer to another facility. Such act, Plaintiff alleges, is in retaliation for his filing this lawsuit. No retaliation claim is pending in this lawsuit, nor is the relief Plaintiff now seeks related to the relief he seeks in this lawsuit. As the purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held," *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), this Court finds that Plaintiff's request for immediate injunctive relief is misplaced and, as such, the Court cannot entertain such request.

## **RECOMMENDATIONS**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Urgent Motion for

Injunctive and Declaratory Relief (Doc. 31), construed as Motion for Preliminary Injunction, be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**