IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1379-NJR-DGW |
| | ) |
| ERIC T. EDMEISTER and JEFFREY S. WALTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 36), recommending that Plaintiff Christopher McCoy's Urgent Motion for Injunctive and Declaratory Relief (Doc. 31) be denied. The Report and Recommendation was entered on October 14, 2015. Plaintiff Christopher McCoy ("McCoy") filed a timely objection to the Report and Recommendation on October 26, 2015 (Doc. 37). Defendant Warden Jeffrey Walton filed a Response to Plaintiff's Objection on October 28, 2015 (Doc. 39). McCoy then filed a Reply on November 4, 2015 (Doc. 41).

    McCoy, who is currently an inmate at the United States Penitentiary in Marion, Illinois, has filed a motion that Magistrate Judge Wilkerson has properly construed as a motion for preliminary injunction, which seeks relief in the form of a "cease (or reverse) of inmate transfer" (Doc. 31). McCoy explains in his motion that Defendants have filed paperwork seeking to transfer McCoy from USP Marion to a low-security facility in

retaliation for McCoy engaging in a constitutionally protected right. McCoy asks the Court to stay any transfer. Defendant Walton responded to McCoy's motion indicating that McCoy became eligible for transfer to a low security facility in July 2015 and, in accordance with a prescribed policy of the Bureau of Prisons ("BOP"), a transfer was requested. Defendant Walton urged that there was no retaliatory motive behind the request for transfer. Defendant Walton also noted that McCoy has a pending habeas appeal before the Seventh Circuit Court of Appeals. The requested transfer was reviewed and authorized by the Seventh Circuit in accordance with Federal Rule of Appellate Procedure 23(a).

After considering the arguments, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 36). Magistrate Judge Wilkerson recommends denying McCoy's motion because the Seventh Circuit Court of Appeals has "clearly issued a determination on this matter and has authorized Plaintiff's transfer." (Doc. 36, p. 4). Magistrate Judge Wilkerson pointed out that the arguments McCoy made in his motion are substantially similar to arguments he has already proffered to the Seventh Circuit. The Seventh Circuit considered those augments and ultimately denied McCoy's request. Additionally, Magistrate Judge Wilkerson reasoned that the relief sought in McCoy's motion is not related to McCoy's First Amendment claims that are pending in this lawsuit.[1]

Where timely objections are filed, this Court must undertake a *de novo* review of

---

[1] Two of Plaintiff's claims have survived threshold review: (Count 1) First Amendment claim against Defendant Eric Edmeister for reading and then confiscating Plaintiff's privileged attorney-client correspondence and documents; and (Count 2) First Amendment claim against Defendant Warden Jeffrey Walton for refusing to return Plaintiff's privileged attorney-client correspondence and documents (*See* Doc. 10).

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

As noted above, McCoy has leveled an objection to the Report and Recommendation (Doc. 37). This timely objection requires the Court to undertake a *de novo* review of the Report and Recommendation.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citations omitted).

McCoy argues in his Objection, as he did in his original reply brief (Doc. 34), that he is requesting "to stay a transfer" and that the Seventh Circuit's opinion is irrelevant to this case (*See* Doc. 37). Defendant Walton argues that: (1) the Seventh Circuit has already approved the BOP's request to transfer McCoy to a low-security facility; (2) McCoy's motion does not encompass the underlying claims so a preliminary injunction is inappropriate; and (3) even if preliminary injunctive relief was available, McCoy cannot satisfy his burden to obtain one (Doc. 39). McCoy has filed a Reply, reiterating much of the same arguments made previously, and requesting a temporary stay of transfer or protective order, citing to Federal Rule of Civil Procedure 26(c). That provision, relating to the general provisions governing discovery, is inapplicable here.

The Court has thoroughly reviewed the briefing in this case and finds that McCoy is not entitled to a preliminary injunction that would stay his transfer to a low-security facility. Nothing in the record suggests that the decision to request McCoy's transfer was

retaliatory or even related to the claims McCoy sets forth in this lawsuit. It appears that McCoy has become eligible for a low-security facility due to the change in the total time remaining on his sentence, and the transfer request was made in accordance with BOP policy (Doc. 39, p. 2). Significantly, as Magistrate Judge Wilkerson and Defendant Walton have stressed, the Seventh Circuit has already given the BOP authorization to transfer McCoy to a low-security correctional institution (Doc. 33-4). *See* FED. R. APP. P. 23(a). McCoy filed a Motion to Reconsider that decision, which the Seventh Circuit denied on September 9, 2015 (Doc. 33-5; Doc. 33-6). In light of the fact that the Seventh Circuit has already issued a ruling authorizing transfer, the issue is moot.

## Conclusion

Accordingly, McCoy's Objection (Doc. 37) to Magistrate Judge Wilkerson's Report and Recommendation is **OVERRULED**, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 36) is **ADOPTED**, and McCoy's Motion for Preliminary Injunction (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 4, 2016**

                                             *[signature]*

                                             **NANCY J. ROSENSTENGEL**
                                             **United States District Judge**