IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC T. EDMEISTER and JEFFREY S. )<br>WALTON, )<br>)<br>Defendants. ) | Case No. 3:14-cv-1379-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions filed by the parties to this action:

1. Plaintiff's Motion for Leave to Move the Honorable Court to Clarify Defendants' Position (Doc. 63);

2. Plaintiff's Motion for Leave to Respond to Defendants' Response at Document 70 (Doc. 73);

3. Plaintiff's Motion for Leave for an Expansion of Interrogatory Limit (Doc. 77);

4. Plaintiff's Motion for Leave to Place Action in Abeyance (Doc. 80);

5. Plaintiff's Motion for Leave to Compel (Doc. 84);

6. Defendants' Combined Motion to Stay Discovery and Response in Opposition to Plaintiff's Motion for Additional Interrogatories (Doc. 85);

7. Plaintiff's Motion for Leave to Address the Issue of Legal Mail Seizure by the Defendants without Notice to the Plaintiff and for Notice of Additional Supplemental Action by Rule 15(d) Fed. R. Civ. P. (Doc. 87);

8. Plaintiff's Motion for Leave to Correct Misidentification of Document Number in Plaintiff's Motion for Leave to Compel (Doc. 88); and

9. Plaintiff's Motion for Leave to Respond and Compel the Defendants the Reply to Discovery Requests and Interrogatories and to Object to Defendants' Motion to Stay Discovery (Doc. 89).

The Court has reviewed the motions, and any responses thereto, and addresses each motion, in turn, as set forth below.

**PLAINTIFF'S MOTION FOR LEAVE TO MOVE THE HONORABLE COURT TO CLARIFY DEFENDANTS' POSITION (DOC. 63) AND MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' RESPONSE AT DOCUMENT 70 (DOC. 73)**

In this motion to clarify (Doc. 63), Plaintiff seeks clarification of "Defendants' position", complaining that the admissions and denials presented in Defendants' answer was a "dramatic shift" from the "previous narrative" Defendants have taken. As such, Plaintiff asks the Court to clarify Defendants' position.

Plaintiff's complaint was screened by the Court pursuant to 28 U.S.C. §1915A and Plaintiff was allowed to proceed, under *Bivens*, on a First Amendment claim against Defendant Edmeister for allegedly reading and confiscating Plaintiff's privileged attorney-client correspondence and documents, and a First Amendment claim against Defendant Walton for refusing to return Plaintiff's privileged attorney-client correspondence and documents. Following the filing of the Court's screening order, Defendants timely filed a motion to dismiss pursuant to Rule 12(b)(6) (Doc. 25). The motion to dismiss was denied by District Judge Nancy J. Rosenstengel on January 8, 2016 (Doc. 45), and Defendants filed their timely answer on January 22, 2016 (Doc. 54).

In Plaintiff's motion now before the Court, it seems Plaintiff is complaining that Defendants failed to timely file an answer to his complaint and instead filed a motion to dismiss. Further, Plaintiff indicates that Defendants shifted their position on various issues from the filing of their motion to dismiss to the filing of their answer.

With regard to the filing of an answer, Plaintiff is advised that Defendants' answer was timely filed. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, if a defendant files a

motion to dismiss pursuant to Rule 12(b)(6), the defendant's answer is not due until 14 days after the Court's ruling on said motion. Such is the circumstance here. As the Court denied Defendants' motion to dismiss on January 8, 2016, they had until January 22, 2016 to file their answer.

With regard to Plaintiff's complaint that Defendants' answer contradicts admissions made in their previously-filed motion to dismiss and supporting documents, Plaintiff is advised that insofar as any discrepancies do exist (Plaintiff failed to articulate precisely what contradictions Defendants allegedly made), such discrepancies are not relevant and, importantly, Defendants are required to adhere to different standards when filing an answer and a motion to dismiss. Plaintiff is further advised that if he believes discrepancies do exist, he may utilize traditional tools of discovery to seek clarification regarding Defendants' position on the factual issues relevant to Plaintiff's claims. For these reasons, Plaintiff's Motion to Clarify (Doc. 63) is **DENIED**.

Subsequent to the filing of Defendants' response to Plaintiff's motion to clarify, Plaintiff filed a motion for leave to respond to Defendants' Document #70 (Doc. 73). Document 70 is Defendants' response to Plaintiff's motion to clarify. As such, Plaintiff is seeking leave of Court to file a reply to Defendants' response. Pursuant to Local Rule 7.1(g), reply briefs are not favored and should be filed only in exceptional circumstances. The party filing the reply brief shall state the exceptional circumstances. Here, Plaintiff referenced no exceptional circumstances that warrant the filing of a reply brief. As such, Plaintiff's motion for leave to respond to Defendants' Document #70 (Doc. 73) is **DENIED**.

**PLAINTIFF'S MOTION FOR LEAVE FOR AN EXPANSION OF INTERROGATORY LIMIT (DOC. 77)**

In this motion, Plaintiff asks the Court to expand the interrogatory limit set forth in the Court's Scheduling and Discovery Order (Doc. 41). Plaintiff asserts that his good cause is that his

incarceration makes it almost impossible to take depositions and he must rely on interrogatories for such testimony. Further, Plaintiff indicates that he "fully intends to send interrogatories to the dropped Defendants". Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

While the Court will entertain a request to expand the interrogatory limit, said request appears premature at this juncture as Plaintiff has not indicated what interrogatories he seeks to serve upon Defendants beyond the Court-imposed limit and, moreover, has not provided any particular justification for an expansion of the limit. Plaintiff is **ADVISED** that he may refile his motion when he can articulate why, specifically, he needs additional interrogatories. Any refiled motion should include Plaintiff's proposed interrogatories. Plaintiff is further **ADVISED** that interrogatories may only be propounded on parties to an action; as such, he may not propound interrogatories on non-parties, including "dropped defendants."

### PLAINTIFF'S MOTION FOR LEAVE TO PLACE ACTION IN ABEYANCE (DOC. 80)

In this motion, Plaintiff asks the Court to stay this action pending his transfer to another institution. Plaintiff explains that he has been transferred to another federal institution and is uncertain when or where he will arrive at his final destination. Based on a review of the docket, it appears that Plaintiff has indeed been transferred to Seagoville Federal Correctional Institution in Texas. Plaintiff filed his notice of change of address on April 1, 2016. As such, it appears that Plaintiff's transfer is complete. Plaintiff did not miss any deadlines in this matter and has been granted an extension of time to respond to Defendants' motion for summary judgment due to his transfer and the attendant delays such transfers have on litigation. Based on these circumstances, it does not appear necessary to stay this action. As such, Plaintiff's Motion (Doc. 80) is **DENIED**. Plaintiff is **ADVISED** that he may request reasonable extensions of time, as necessary, to make necessary filings and meet scheduling deadlines in this matter if he is again

transferred.

### PLAINTIFF'S MOTION FOR LEAVE TO COMPEL (DOC. 84) AND MOTION FOR LEAVE TO CORRECT MISIDENTIFICATION OF DOCUMENT NUMBER IN PLAINTIFF'S MOTION FOR LEAVE TO COMPEL (DOC. 88)

In his motion to compel (Doc. 84), Plaintiff asks the Court to order Defendants to respond to his interrogatory requests, complaining that Defendants' objections are not valid and Defendants are attempting to circumvent the spirit and purpose of discovery. The Court notes that following the filing of his motion to compel, Plaintiff filed a motion to correct a misidentification of a document number in his motion to compel (Doc. 88). Plaintiff's motion to correct is **GRANTED**, and Plaintiff's reference to Document 67 in paragraph 6 of his motion to compel is hereby changed to Document 70.

In their response to Plaintiff's motion to compel, Defendants contend that Plaintiff failed to comply with the requirements of Rule 37(a)(1) in that Plaintiff did not include the required certification regarding conferral, nor did he confer with counsel regarding discovery in this matter. The Court finds that this argument is not persuasive in this circumstance as Plaintiff's incarceration necessarily limits his ability to engage in meaningful discussions about discovery issues. Defendants, however, also contend that their objections were valid and Plaintiff is not entitled to the discovery requested.

In support of their position, Defendants assert that their objections were not boilerplate, as asserted by Plaintiff, but adequately explained and applied to the case at hand. Moreover, Defendants assert that even where the requests were overly broad, vague, or otherwise objectionable on their face, Defendants produced relevant, non-privileged documents.

The Court has reviewed Plaintiff's requests, and the objections thereto, and finds that Defendants objections are valid and appropriate. The Court finds it unnecessary to address every

request and the response and/or objection thereto. Generally, the Court admonishes Plaintiff that Rule 26(b)(1) of the Federal Rules of Civil Procedure limits discovery to relevant, nonprivileged matters so long as the discovery requested is proportional to the needs of the case. In this instance, Plaintiff's claims, and the relevant factual issues, appear quite narrow, whereas Plaintiff's requests are overly broad and have not been sufficiently narrowed in time or scope. Finally, the Court is cognizant of the security concerns presented with providing much of the information Plaintiff seeks, especially in light of the fact that the Court finds that the information sought is not directly related to Plaintiff's claims. In particular, the Court agrees with Defendants' objection to providing duty rosters for both the X-Unit and USP Marion in that it would allow inmates to know the precise number of staff members working in various areas of the institution at a given time.

In light of the foregoing, Plaintiff's Motion to Compel (Doc. 84) is **DENIED**.

### DEFENDANTS' COMBINED MOTION TO STAY DISCOVERY AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL INTERROGATORIES (DOC. 85)

In this motion, Defendants ask the Court to stay discovery in this matter pending a ruling on their motion for summary judgment on qualified immunity. Defendants also move the Court to deny Plaintiff's motion for additional interrogatories. As Plaintiff's motion for additional interrogatories has been denied (as set forth above), Defendants' request is **MOOT.**

With regard to Defendants' request that the Court stay discovery, Defendants assert that the parties have already engaged in general written discovery, and Plaintiff has issued interrogatories and five sets of requests for production of documents to Defendants. In response to said requests, Defendants aver they have provided over 200 pages of documents. As such, Defendants contend that Plaintiff has sufficient information to respond to the pending motion for

summary judgment and any further discovery pertaining to issues other than qualified immunity circumvents the goal of avoiding any unnecessary expense and the burden of litigation. While the Court is mindful that a stay of discovery may be appropriate in circumstances where a pending dispositive motion can resolve the case and where the requested discovery is unlikely to produce facts necessary to defeat the motion, *see Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990), the Court is not inclined to stay discovery pending a ruling on Defendants' motion for summary judgment in this instance. Importantly, the Court notes that Plaintiff is a pro se litigant and finds that justice so requires Plaintiff be able to continue with discovery unabated at this time so as to be able to fully respond to Defendants' motion and ensure there is adequate time to complete discovery prior to the September 23, 2016 deadline. Moreover, the Court is unaware of any pending discovery propounded on Defendants by Plaintiff that would necessitate a response, thereby causing Defendants to incur significant expense. For these reasons, Defendants' Motion to Stay Discovery (Doc. 85) is **DENIED**.

### PLAINTIFF'S MOTION FOR LEAVE TO ADDRESS THE ISSUE OF LEGAL MAIL SEIZURE BY THE DEFENDANTS WITHOUT NOTICE TO THE PLAINTIFF AND FOR NOTICE OF ADDITIONAL SUPPLEMENTAL ACTION BY RULE 15(D) FED. R. CIV. P. (DOC. 87)

In this motion, Plaintiff seeks to add an additional tort claim to this action relating to events occurring on or about January 5, 2015 in which Defendants allegedly confiscated legal material addressed to Plaintiff.

Defendants timely responded to Plaintiff's motion, asserting it should be denied as Plaintiff failed to provide a proposed amended pleading as required by Local Rule 15.1 and, even if the Court construed Plaintiff's motion as a proposed pleading, the new allegations should not be joined to the instant action.

Having reviewed Plaintiff's motion, the Court construes it as a motion to amend the

complaint. Defendants correctly cite Local Rule 15.1, which provides that "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Here, Plaintiff failed to submit a proposed amended pleading and the Court will not allow amendment by interlineation. Accordingly, Plaintiff's Motion (Doc. 87) is **DENIED**.

**PLAINTIFF'S MOTION FOR LEAVE TO RESPOND AND COMPEL THE DEFENDANTS
TO REPLY TO DISCOVERY REQUESTS AND INTERROGATORIES
AND TO OBJECT TO DEFENDANTS' MOTION TO STAY DISCOVERY (DOC. 89)**

In this motion to compel, Plaintiff takes issue with Defendants' responses to Plaintiff's written discovery requests, including Defendant Edmeister's objections and responses to Plaintiff's first, second, and third interrogatories, Defendant Walton's objections and responses to Plaintiff's first and second interrogatories, and Defendants' objections and responses to Plaintiff's second, third, fourth, and fifth requests for production of documents. Defendants timely responded to Plaintiff's motion to compel (Doc. 92).

In his motion to compel, Plaintiff fails to address the particular objections and/or responses he believes are inadequate. Rather, Plaintiff lodges general complaints concerning Defendants' objections, complaining in particular about Defendants' refusal to respond to requests to produce that are beyond the prescribed limits. With regard to this contention, Plaintiff asserts that he can find no limit in the Scheduling Order or Rule 34 of the Federal Rule of Civil Procedure that sets any such limits. Plaintiff is mistaken. The Court's Scheduling and Discovery Order clearly states that each party is limited to serving **15 requests for production of documents** (Doc. 42). Plaintiff has not received an increase on this limit. As such, insofar as Plaintiff's motion seeks to compel Defendants to respond to requests to produce beyond the allotted amount, Plaintiffs' Motion is **DENIED**.

Plaintiff also complains about Defendants' various objections to his discovery requests,

generally asserting that the objections were "boilerplate" and meritless.   Glaringly, Plaintiff failed to address with any particularity which responses and/or objections he had an issue with and proffer an explanation as to why the particular requests were proper and not objectionable.   The Court is not inclined to engage in such an analysis for Plaintiff.   As the Court finds Plaintiff's Motion to Compel is lacking in substance and particularly, it must be **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**