IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-cv-01379-JPG-DGW |
| ERIC T. EDMISTER, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 112) of Magistrate Judge Donald G. Wilkerson with regard to Defendants Eric T. Edmeister and Jeffrey S. Walton's Motion (Doc. 74) for Summary Judgment Regarding Qualified Immunity. The defendants filed a Partial Objection (Doc. 113) and the plaintiff filed a Response and Objection (Doc. 115) to the R & R. The Court notes that the plaintiff filed a Motion (Doc. 114) for Extension of Time to File a Reply. The Court grants the extension and plaintiff's Response and Objection is deemed timely filed.

1. **Background**.

The plaintiff is proceeding in this matter on two counts of violation of his First Amendment rights. In Count I, plaintiff alleges that defendant Edmister read, and censored by retaining, plaintiff's privileged attorney-client correspondence and documents. Count II alleges that defendant Walton retained and refused to return the confiscated privileged attorney-client correspondence and documents. The defendants move for summary judgment arguing that they are entitled to qualified immunity.

2. **Standard.**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

3. **Anaylsis.**

The R & R recommends that the motion for summary judgment be granted and that defendants Edmister and Walton are entitled to qualified immunity with regard to plaintiff's claims for damages. Defendants' partial objection applies only to that portion which recommends that the plaintiff's claims for injunctive relief survive. Defendants note that plaintiff's claims for injunctive relief are moot, because the plaintiff is no longer incarcerated at USP Marion – where defendant Edmister is a correctional counselor - and that defendant Walton is no longer employed by the Bureau of Prisons ("BOP"). As such, neither defendant can provide the injunctive relief requested. The defendants also argue that there is nothing to suggest that either defendant is in possession of the requested material as the plaintiff testified that he saw the material in Counselor Pitts' office – not in the possession of either defendant.

Finally, the defendants argue that "qualified immunity may not resolve claims for injunctive relief in certain circumstances," but that the R & R's recommended findings resolve claims for damages as well as injunctive relief since they support a ruling on the first prong of the qualified immunity analysis.

Plaintiff's Response and Objections to the R & R argues that the R & R, "revisits ground already decided and denied to the Defendants but, now that same ground sown with the same seed produces a different fruit" and "magically it transforms itself into a whole new idea, thought and magically a different result happens." (Doc. 115, pg 2). Plaintiff also cites to "BOP PS 1315.07(10)(d)" stating that, "Paragraph (2) there states 'Staff may allow an inmate to possess those legal materials which are necessary for the inmates own legal action.'" (Correct citation 28 C.F.R. § 543.11(d)(2), *underline in brief, not in original text.*) The Court notes that paragraph (2) also goes on to state that, "The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons." By the plaintiff's own argument and citation to BOP regulations, the staff "may," but are not required to, allow an inmate to possess legal materials and that the Warden may limit the amount.

As such, the Court has reviewed *de novo* that portion of the R&R with regard to qualified immunity. The Court agrees and adopts the well-reasoned analysis contained in the R & R that the defendants' conduct did not raise to a violation of Plaintiff's constitutional rights.

With regard to the plaintiff's arguments that this is, "same ground sown" as in "Doc # 25, Doc #26, Doc # 30, Doc #41 and Defendants Doc 29[1]," the Court has reviewed these prior documents. Threshold review and a Rule 12(b)(6) motion to dismiss deal with pleadings. P*ro se* pleadings are liberally construed and are not required to explicitly refer to a proper statute or legal theory in order to state a cause of action - as long as relief is possible under the statute or theory consistent with the facts pled. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) and *Kennedy v. National Juvenile Detention Ass'n*,

---

[1] Document #25 is Defendants' Motion to Dismiss for Failure to State a Claim; Document #26 is Plaintiff's Response; Document #30 is Plaintiff's "More Complete Status of Government Destroyed Material Evidence"; Document #41 is Plaintiff's Reply to Defendants' Response to R&R; and Document 29 is Defendants' Status Report Regarding Availability of Sentencing Transcript.

187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). These are not the same standards that apply to qualified immunity. Defendants' motion to dismiss was limited to the four corners of the complaint and the Court could not consider BOP's policies with regard to legal and/or sensitive documents. A motion for summary judgment; however, considers documents beyond the complaint including defenses, regulations, and deposition testimony. Therefore, although similar issues were previously addressed by this Court, a different outcome may result given the standard under which the analysis is conducted.

The Plaintiff does not cite to any case law or regulation that requires BOP officials to allow the plaintiff to possess any amount of legal materials within a prisoner's cell – only that the plaintiff must have access to those materials. Further, "[t]he legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney or are properly sent as special mail (for example, mail from a court or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail." 28 C.F.R. § 543.11(d)(1).

The difficulty that the Court is having is determining whether the plaintiff has, or has had, access to his legal documents. Plaintiff's objection to the R & R requests that the Court, "explain to the Plaintiff where the Plaintiff's 600+ pages of legal materials went." (Doc. 115). According to his initial grievance, the plaintiff stated, "The issue here is not access, but rather the reading and keeping of my attorney-client privileged legal mail." (Doc. 74-4, pg 39.) Therefore, at the time plaintiff filed his grievance, it appears that the BOP had the documents and that the plaintiff could access the materials in questions. It also appears that at the time that plaintiff filed this case, he had access through his counselor to his legal documents.

At some point thereafter, it appears that the documents were lost. At least by the time of the plaintiff's deposition, the documents could not be located. During his deposition, the plaintiff testified that he does not need access to those documents because he has appellate counsel. Further, when learning that the documents were lost, the plaintiff states that he made no attempts to acquire a duplicate copy of the documents. (Doc. 74-4, pg 28 & 29). As such, the defendants' argument that the issue of injunctive relief is now moot is correct. The documents are no longer in the possession of the BOP and the Plaintiff has testified that he no longer requires the documents. Further, neither defendant in this matter could provide the injunctive relief requested.

4. **Conclusion**.

Based on the above, Plaintiff's Motion (Doc. 114) for Extension of Time to File a Reply is **GRANTED** and plaintiff's Response and Objection is deemed timely filed. The Court has reviewed the objected portions of the R & R *de novo* and finds that defendants Edmister and Walton are entitled to qualified immunity. The Court has also reviewed the entire file and finds that the unobjected to portions of the R & R are not clearly erroneous. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 112) with regard to qualified immunity as to damages, but **REJECTS** that portion recommending that injunctive relief is still available to the plaintiff. As such, the Court **GRANTS** Defendants' Motion (Doc. 74) for Summary Judgment and this matter is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 10/17/2016  *s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**