IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01379-JPG-DGW |
| | ) |
| ERIC T. EDMISTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the timely motion (Doc. 119) of plaintiff Christopher H. McCoy to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). Although titled as a Motion for Reconsideration, where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label). The defendants filed a timely response. (Doc. 120).

On October 17, 2016, the Court entered judgment in this case following a ruling on defendants' Motion for Summary Judgment. (Docs. 118 & 119). The plaintiff now asks the Court to alter or amend that judgment. Plaintiff indicates in his motion that he "brings this Motion within 28 days of this Honorable Courts ruling." He does not indicate whether the motion is pursuant to Federal Rule of Civil Procedure 59 or 60. The "28 days" would seem to indicate a Rule 59 motion; however, the Court will address the motion under both Rule 59 and 60 given that the plaintiff is *pro se*.

Under Rule 59(e), the Court has an opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

In this case, plaintiff's motion does not address this Court's judgment, but instead appears to challenge the threshold order (Doc. 10) stating he should have been permitted to proceed on a claim under the Administrative Procedures Act ("APC"). According to the motion for reconsideration, the Court took his, "complaint that was specific and not only reorganized it .

. . but went as far to implement a complete recharacterization." He goes on to state that the "recharacterization" was for the purpose of ensuring the, "Court could control and direct to a outcome that would benefit this Court, frustrate and disavow the plaintiff." (Doc. 119, pg. 6).

The threshold order (Doc. 10) in this matter was filed on February 3, 2015. The plaintiff did not file an objection and/or motion for reconsideration of the threshold order. As noted above, a Rule 59 or a Rule 60 motion is not an appropriate vehicle for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Plaintiff had over a year to motion for reconsideration of the threshold order if he believed that the Court misconstrued his claims during the preliminary review pursuant to 28 U.S.C. § 1915A.

The only argument that the plaintiff puts forth in his motion with regard to the Court's ruling on defendants' motion for summary judgment is that:

> This Courts reasoning to grant the Defendants Qualified Immunity, this Court is stating that B.O.P.[1] policy and regulations supercedes (sic) the Constitutional limitations and its protections provided for American Nationals and all people naturally born on the soil of a union state, thus implying that Plaintiff has been transferred over to a jurisdiction where the Constitutional protections for a American national does not apply, and by this Courts own action of granting 'Summary Judgement' predicated on Qualified Immunity, B.O.P. policy and regulations supercedes the Constitutional restrictions for the protection of the American National.

---

[1] The Court notes that the abbreviation B.O.P represents Bureau of Prisons.

He further states that he completed the exhaustion of administrative remedies and that the Court agreed his claim was valid.  He then goes into regulations pertaining to an APC claim and, as stated above, argues his claim was recharacterized.  He does not present any newly discovered material evidence or intervening changes in the controlling law or manifest errors of law or fact in connection with the Court's order of October 17, 2016 that would warrant relief under Rule 59.   He also does not state any exceptional circumstances that would warrant relief under Rule 60.

Therefore, Plaintiff Christopher H. McCoy's Motion for Reconsideration (Doc. 119) is **DENIED**.  The Court advises the Plaintiff that if he wishes to appeal the judgment in this case or this order, he must file a notice of appeal in this Court within 30 days of entry of this order, Fed. R. App. P.  4(a)(1)(A),  (a)(4)(A)  &  (a)(4)(B)(ii),  or  within  any  extension  of  that  deadline authorized by the Court, Fed. R. App. P. 4(a)(5).

**IT IS SO ORDERED.**

DATED:  11/30/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**